**Haiping DUAN, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74014.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

Haiping Duan, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Elizabeth J. Stevens, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Haiping Duan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's denial of her applications for asylum, withholding of re-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

moval and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution on account of political opinion. Because she told police that she had no political opinion and was only arrested for helping her friend's husband, a fugitive, illegally flee China, and there is no evidence that her arrest was based on a political opinion, she fails to show that she was persecuted on account of an enumerated ground. *See id.* at 482–84, 112 S.Ct. 812; *see also Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002) (holding that alien must show persecutors imputed a political opinion to him and that there was no evidence showing guerrillas attacked alien's home based on political opinion).

Because petitioner failed to demonstrate that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

Petitioner failed to raise her CAT claim in her opening brief, so that claim is waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**